**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 25 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-32189 |
| | ) | |
| Shelly W. McCorvey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO DISGORGE FEES

This case is before the court on a motion filed by the United States Trustee ("UST") to disgorge fees, review services and fees paid, and enjoin bankruptcy petition preparer Donna Goolsby and attorney William D. Goodrich from preparing any bankruptcy petition in the Northern District of Ohio "(Motion") [Doc. # 16] and the objection filed by Goodrich and Goolsby ("Objection") [Doc. # 27]. The court held a hearing at which counsel for the UST and counsel for Debtor attended in person. The was no attendance by, or on behalf of, Goolsby or Goodrich. For the reasons that follow, Goodrich will be ordered to refund $2,500.00 to Debtor, and Goolsby will be ordered to pay a fine of $200.00 to the UST.

### FACTUAL BACKGROUND

At the hearing on the Motion, Debtor testified to the following, which testimony the court finds credible. After an action had been commenced in state court to foreclose on a mortgage on Debtor's home, Debtor received a direct mailing from Summit Law, which was located in California. She contacted Summit Law after she had received a notice of sheriff's sale and was told that they could "help with her with the

foreclosure." She paid Summit Law a total of $3,000.00. Eventually, she was told by someone at Summit Law that filing for bankruptcy protection would be her best option so that they could continue working with her mortgage lender and, according to Debtor, "all of a sudden" William Goodrich ("Goodrich") and Donna Goolsby ("Goolsby") were in contact with her. Debtor testified that she assumed Goodrich and Goolsby were part of the Summit Law firm's bankruptcy department.

Debtor further testified that she spoke to Attorney Goodrich only once and that he told her that "she had a good case to save her house" and that Goolsby "would take care of all of the business." Debtor paid Goodrich Legal Services $2,500.00 by way of a wire transfer from her checking account. Debtor testified that this payment was "for the bankruptcy portion of dealing with the foreclosure" and that Goodrich was hired to work on no other matters for her.

After Debtor's conversation with Goodrich, Goolsby was in contact with Debtor. Goolsby explained what was involved in filing bankruptcy, what debt would be discharged, and the reaffirmation of debts. She asked Debtor various questions and gathered information from her for preparation of her Chapter 7 bankruptcy petition, bankruptcy schedules and related documents. Goolsby then faxed the completed documents to Debtor for her signature and for filing.

Notwithstanding the $2,500.00 payment to Goodrich Legal Services, Goodrich did not file a Disclosure of Compensation of Attorney for Debtor and this payment is not disclosed in paragraph nine of Debtor's Statement of Financial Affairs prepared by Goolsby, which requires disclosure of all payments made by Debtor "to any persons, including attorneys, for consultation concerning . . . relief under bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case." [UST Ex.5, ¶ 9]. And notwithstanding the itemization of exemptions on Schedule C, Debtor testified that she has no legal training, no knowledge regarding the exemption statutes, and did not inform Goolsby as to which exemptions should be included on Schedule C.

Goolsby signed Debtor's petition, the Certification of Notice to Consumer Debtors under § 342(b) of the Bankruptcy Code, and the Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer as "Donna Goolsby/Legal Assistant Goodrich Legal Services." She also prepared a Disclosure of Compensation of Bankruptcy Petition Preparer, indicating that she received $200.00 for her services in preparing Debtor's bankruptcy documents, that she was paid as an "Employee/Legal Assistant," and that the source of her compensation was "Goodrich Legal Services/Attorney." In his Objection, Goodrich confirms that his law firm paid Goolsby the $200.00 fee and states that he did not disclose his fees because

2

"he is working on other matters for the Debtor in connection with the Bankruptcy . . . ." [Doc. # 27, ¶¶ 6 & 8]. Goodrich states in his Objection that he is not admitted to practice law in Ohio, [*Id.* at ¶ 9], and the court takes judicial notice of the fact that he is not admitted to practice law in the United States District Court or the United States Bankruptcy Court for the Northern District of Ohio.[1]

## LAW AND ANALYSIS

In his Motion, the UST seeks disgorgement of all fees paid to Goodrich and/or Goodrich Legal Services due to his failure to make the disclosures required under 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2016 and as being excessive, as well as disgorgement of fees paid to Goolsby in excess of the presumptive maximum allowable fee chargeable by a bankruptcy petition preparer. The UST also argues that Goolsby rendered legal advice to Debtor in connection with her bankruptcy petition that is prohibited under 11 U.S.C. § 110 and for which she may be subjected to a fine under § 110(l). Finally, the UST seeks an order enjoining Goodrich from practicing law in the Northern District of Ohio absent being properly admitted to do so, enjoining Goolsby from acting in concert with Goodrich without ensuring full and accurate disclosures regarding Goodrich's involvement in the case, and enjoining both Goolsby and Goodrich from preparing any bankruptcy petition for filing in the Northern District of Ohio.

**I. Injunctive Relief**

To the extent the UST seeks an order enjoining Goodrich and Goolsby from engaging in the unauthorized practice of law and filing bankruptcy petitions in the Northern District of Ohio, the court finds the UST's Motion procedurally defective. Under Bankruptcy Rule 7001, "a proceeding to obtain an injunction or other equitable relief" must be brought by adversary proceeding, which is commenced by a properly filed and served complaint. Fed. R. Bankr. P. 7001(1) and 7003; 11 U.S.C. § 110(j)(1)(provides for civil action for injunctive relief); *see In re Cincom iOutsource, Inc.*, 398 B.R. 223, 227 (Bankr. S.D. Ohio 2008) (explaining that "[a] request for injunctive relief must be brought by adversary proceeding"); *In re Parker*, 154 B.R. 240, 243 (Bankr. S.D. Ohio 1993) (stating that Rule 7001(7) "requires that any request for injunctive relief be brought by way of an adversary proceeding"); *In re Nieves*, 290 B.R. 370,

---

[1]The Objection is procedurally defective. Goodrich appears to be representing both himself and Goolsby in connection with the Motion. Goodrich did not seek pro hac vice admission for the purpose of filing the Objection either on his own behalf or on Goolsby's behalf. *See* Local Bankruptcy Rule 2090-1. Attorneys practicing in this court must file all documents electronically absent manual filing of a motion for leave to file paper documents and advance permission to file manually. Local Bankruptcy Rule 5005-4; Electronic Case Filing (ECF) Administrative Procedures Manual, ¶¶ 1.A.2., II.A.2. Goodrich also disregarded these rules in filing the Objection.

380 (Bankr. C.D. Cal. 2003) (denying UST's motion to enjoin party from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of law because relief sought by motion rather than adversary proceeding); *see also Camall Co. v. Steadfast Ins. Co. (In re Camall Co.),* 16 Fed. Appx. 403 (6th Cir. 2001) (affirming bankruptcy court's decision denying a motion for turnover because it was filed as a motion rather than as an adversary proceeding as required under Rule 7001). The court will, therefore, deny the Motion to the extent it seeks injunctive relief. *Cf.* 11 U.S.C. § 110(j)(3)(injunction based on failure to comply with a previous order issued under this section may be issued on motion).

## II. Disgorgement of Fees

The UST asserts that the $2,500.00 fee paid by Debtor to Goodrich or Goodrich Legal Services should be disgorged because Goodrich did not disclose his fee as required by § 329 and Bankruptcy Rule 2016(b) and because his fee was excessive. Under § 329(a), "[a]ny attorney representing a debtor in a case under [Title 11], *or in connection with such a case*, . . . shall file with the court a statement of the compensation paid or agreed to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the case by such attorney. . . ." 11 U.S.C. § 329(a) (emphasis added). Under § 329(b), the court is authorized to review fees received by a debtor's attorney and to assess the reasonable value of services provided by the attorney. If the court determines the compensation received exceeds the reasonable value of services rendered, it may cancel the fee agreement or order a return of the amount that is excessive. 11 U.S.C. § 329(b). "The burden of proof on all issues under 11 U.S.C. § 329 is on the attorney and it is the attorney's burden to come forward with the appropriate proof . . . to establish that the fee is reasonable." *In re Robinson*, 189 Fed. Appx. 371, 374 (6th Cir. 2006) (citing *In re Geraci*, 138 F.3d 314, 318 (7th Cir.1998)).

Section 329(a) is implemented by Bankruptcy Rules 2016(b), which provides that "[e]very attorney for a debtor . . . shall file and transmit to the United States trustee . . . the statement required by § 329 of the Code, including whether the attorney has shared or agreed to share the compensation with any other entity." Fed. R. Bankr. P. 2016(b). Section 329(b) is implemented by Bankruptcy Rule 2017, under which the court may determine, after notice and a hearing, whether any payment to an attorney made "in contemplation of the filing" of a bankruptcy petition is excessive. Fed. R. Bankr. P. 2017(a).

In this case, the court agrees that Goodrich's fee of $2,500.00 was excessive. His only contact with Debtor consists of one telephone conversation during which he simply informed her that she had a "good

4

case" to save her house and referred her to Goolsby for preparation of her petition.[2] Debtor filed her petition *pro se* and later had to engage local counsel for representation at the meeting of creditors and to otherwise assist her in this bankruptcy case. Goodrich has failed to otherwise justify his fee. *Cf. In re Wood*, 408 B.R. 841, 852-54 (Bankr. D. Kan. 2009) (disgorgement warranted where Kansas attorney associated with legal services organization that prepared filings using either non-lawyers or lawyers not licensed to practice law in Kansas or the district court and where attorney and organization effectively acted as bankruptcy petition preparers).

Goodrich also failed to disclose any fee that he received from Debtor. Under § 329(a) and Rule 2016(b), he had an affirmative duty to disclose fully and completely any fee arrangement and payment. *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 720 (6th Cir. 2001). Although he states in his Objection that he did not file a document disclosing his fee because he "is working on other matters for the Debtor in connection with the Bankruptcy," [Doc. # 27, ¶8], § 329(a) expressly requires disclosure of all compensation paid "in connection with the case." Moreover, as the UST argues, Goodrich cannot circumvent the disclosure requirements by simply having his legal assistant, who was paid by Goodrich Legal Services, identify herself as the bankruptcy petition preparer for his client.

While the court finds that the fee charged by Goodrich grossly exceeds the value of any service he may have provided, the court also finds that disgorgement of the entire $2,500.00 paid by Debtor to Goodrich and/or Goodrich Legal Services is appropriate given Goodrich's failure to comply with the disclosure requirements under § 329(a) and Rule 2016(b) and his apparent intent to completely circumvent those requirements. As the Sixth Circuit explains in *Kisseberth*,

> [t]he provisions of the Bankruptcy Code and the Bankruptcy Rules that regulate attorney fees are designed to protect both creditors and the debtor against overreaching attorneys. To ensure such protection, bankruptcy courts have broad and inherent authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and Rules.

*Kisseberth*, 273 F.3d at 721 (internal citations omitted). Goodrich will, therefore, be ordered to refund to Debtor the entire $2,500.00.

---

[2] In his Objection, Goodrich states that Debtor had applied for a home mortgage loan modification through another law firm before contact with him and that she was informed that she could not save her home except through a bankruptcy proceeding. [*See* Doc. # 27,, ¶ 4]. It is not clear to the court how relief under Chapter 7 of the Bankruptcy Code would allow Debtor to "save her house." In fact, her home mortgage creditor filed a motion for relief from stay and abandonment, which was granted without objection. [*See* Doc. ## 17 & 40].

The UST also seeks disgorgement of fees paid to Goolsby in excess of the presumptive maximum allowable fee chargeable by a bankruptcy petition preparer. The presumptive maximum allowable fee that a bankruptcy petition preparer may charge in the Northern District of Ohio is $125.00. *See* 11 U.S.C. § 110(h)(1); General Order No. 05-3 (Bankr. N.D. Ohio Oct. 31, 2005).[3] A petition preparer who charges excessive fees without court approval is subject to an order disgorging such fees. *See* 11 U.S.C. § 110(h)(3)(A)(ii). However, in this case, the "fee" paid to Goolsby was not charged by Goolsby to Debtor and was not paid by Debtor. The $200.00 that Goolsby received was paid to her by Goodrich Legal Services as its employee. The purpose of § 110(h) is to regulate fees paid to a bankruptcy petition preparer by, or on behalf of, debtors. *See* 11 U.S.C. § 110(h)(2) (requiring a bankruptcy petition preparer to file a declaration disclosing any fee "received from or on behalf of the debtor. . . ."). It does not regulate fees paid to an employee of a law firm to assist in the preparation of a debtor's bankruptcy petition and schedules. Both Goodrich in his Objection and Goolsby in her Disclosure of Compensation indicate that Goolsby was paid as an employee of Goodrich Legal Services. Thus, disgorgement of the amount paid Goolsby in excess of the presumptive maximum allowable fee is not appropriate.

### III. Violation of 11 U.S.C. § 110(e)(2)

Under § 110(e)(2), a bankruptcy petition preparer "may not offer a potential bankruptcy debtor any legal advice. . . ." 11 U.S.C. § 110(e)(2)(A). "Legal advice" includes, among other things, advice concerning bankruptcy procedures and rights and how to characterize the nature of the debtor's interests in property, advising the debtor regarding the dischargeability of debts and whether a debtor may reaffirm a debt. 11 U.S.C. § 110(e)(2)(B)(ii), (v), (vi), and (vii). A bankruptcy petition preparer who fails to comply with § 110(e) "may be fined not more than $500.00 for each such failure." 11 U.S.C. § 110(l)(1).

In this case, Goolsby offered legal advice to Debtor by explaining what was involved in filing bankruptcy, what debt would be discharged, and that debts may be reaffirmed. In addition, it is clear that Debtor did not direct Goolsby as to which exemptions should be included on Schedule C. Determining whether a debtor's interest in property may be exempted and the basis for such exemption also constitutes legal advice proscribed under § 110(e).

At the hearing, counsel for the UST orally requested that Goolsby be fined for her failure to comply

---

[3] Although General Order No. 05-3 was in effect in April 2011 when Debtor filed her bankruptcy petition, it has since been vacated, and the presumptive maximum allowable fee chargeable by a bankruptcy petition preparer is now found in Local Bankruptcy Rule 2016-2.

with the specific mandate of § 110(e). While the court agrees that Goolsby's conduct merits a fine, the court has a due process concern with imposing a separate monetary sanction on Goolsby beyond the requested disgorgement of the $200 fee addressed above. The Motion requests injunctive relief, not sanctions, against Goolsby. She lacked effective notice before the hearing that she was subject to being personally fined. She may have obtained counsel other than Goodrich or responded on her own, differently, to the Motion if she were on notice that she faced a personal fine as a result of her conduct through her employment by Goodrich. For that reason alone, the court will not impose a separate monetary fine against Goolsby as a sanction for her failure to comply with § 110(e).

## **CONCLUSION**

For the foregoing reasons, the UST's Motion will be granted to the extent it seeks disgorgement of fees paid by Debtor to Goodrich or Goodrich Legal Services but will be denied to the extent it seeks injunctive relief, disgorgement of the $200 fee paid by Goodrich to Goolsby and a separate monetary sanction against Goolsby as orally requested at the hearing. The court will enter a separate order in accordance with this Memorandum of Decision.